**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

Donatos Sarras,

          Petitioner,

vs.

Warden of FCC Tucson,

          Respondent.

CV 17-0133- TUC-CKJ (JR)

**REPORT AND RECOMMENDATION**

Petitioner Donatos Sarras, who is currently incarcerated at USP-Tucson, Arizona, has filed Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging the sentence imposed by the United States District Court for the Middle District of Florida (Doc. 1). Respondent filed a Motion to Dismiss for Lack of Jurisdiction (Doc. 15). Sarras filed a response (Doc. 17). Respondent then filed a reply (Doc. 18). In accordance with 28 U.S.C. § 636(b)(1) and Rules 72.1 and 72.2

1

of the Local Rules of Civil Procedure, this matter was referred to the Magistrate Judge for report and recommendation.

## I.    Background

Sarras challenges his November 2007 conviction in the United States District Court of the Middle District of Florida for three counts of knowingly using, inducing, or coercing a minor to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct, in violation of 18 U.S.C. § 2251(a) & (e), and one count of knowingly possessing materials containing images of child pornography.   Sarras was sentenced to three consecutive 360-month terms of imprisonment for counts one, two, and three, and a consecutive 120-month term of imprisonment for count four.

Sarras's convictions and sentences were affirmed by the Eleventh Circuit Court of Appeals in *United States v. Sarras*, 575 F.3d 1191 (11th Cir. 2009).  Sarras filed a § 2255 motion in the sentencing court, which that court denied in October 2013.  *See* Doc. 1-4.  Sarras subsequently filed an application to file a second or successive § 2255 motion.  *See* Doc. 1-6.  The Eleventh Circuit's September 2016 order denying the application reflects that Sarras raised three claims based on "newly discovered evidence."  *Id*.  Specifically, he alleged that (1) "he was not home during the times the government showed at trial that there was 'computer activity' on his home computer;" (2) the Seminole County Sheriff's Office provided the defense with incomplete EXIF data from the images stored on the camera that was used to prove the commerce element in all charges; and (3) bias and prejudice against him resulted

2

from the Seminole County Sheriff's Office interest in the potential forfeiture of his home and that the Sheriff's Office was "imaging" his computer for 18 days and were plotting to change their testimony against him. *Id.*, pp. 3-6.

In his Petition now before the Court, Sarras originally raised four grounds for relief. The District Court dismissed Ground Four, leaving the following three grounds for relief:

> (1) Admission and testimony in *Sarras vs. Mills-Sarras* Case No. 12-CA-347-15K . . . show[s] that Petitioner's trip to the bank on 5/7/07 was after 1 PM and thus based on trial testimony in the present case, someone else did operate the computer in evidence for the duration of Petitioner's trip. This is showing there is [a] violation of Petitioner's rights under Amendments V, VI and VIII to the U.S. Constitution;

> (2) FOIA records from Seminole County Sheriff's Office show that partial forensic evidence was provided to the defense and was used at trial by the government to show an element on all the charges while the already presented habeas expert testimony disproves the government's case. This is showing [a] violation of Petitioner's rights under Amendments V, VI, and VIII to the U.S. Constitution;

> (3) FOIA records from Seminole County Sheriff's Office show bias, prejudice, interest and testimony inconsistencies. This is showing [a] violation of Petitioner's rights under Amendments IV, V, VI, and VIII to the U.S. Constitution.

*Petition*, Doc. 1.

Respondent has filed a Motion to Dismiss for Lack of Jurisdiction (Doc. 15), arguing that Sarras's Petition challenges the validity of his conviction and sentence and, therefore, must be brought as a motion pursuant to 28 U.S.C. § 2255 in the sentencing court, and not as a § 2241 habeas petition. If Sarras's Petition is a "disguised § 2255 petition," as Respondent contends, then this Court lacks

jurisdiction to hear it. *See Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000) (district court cannot ignore "decisive jurisdictional question"). As discussed below, the Magistrate Judge finds that the Petition is properly viewed as a § 2255 motion and recommends that the District Court dismiss the Petition for lack of jurisdiction.

## II.    Discussion

A federal prisoner may bring a motion attacking the legality of his conviction or sentence pursuant to 28 U.S.C. § 2255. *Harrison v. Ollison*, 519 F.3d 952, 954 (9th Cir. 2008). By contrast, a federal prisoner challenging the manner, the location, or the conditions of a sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. *Id.* at 956 (discussing distinction between sections 2255 and 2241); *see also Porter v. Adams*, 244 F.3d 1006, 1007 (9th Cir. 2001) (noting that section 2241 is available only to challenge the manner of execution of a prisoner's federal sentence and not the legality). However, section 2255 contains a "savings clause" or escape hatch," which allows a federal prisoner to seek section 2241 relief when a section 2255 motion is "inadequate or ineffective to test the legality of his detention." *Harrison v. Ollison*, 519 F.3d 952, 956 (quoting 28 U.S.C. § 2255(e)).

The claims alleged in the Petition directly challenge the validity of Sarras's conviction and sentence. Specifically, Sarras claims that the evidence establishes that someone else operated the computer on which incriminating photographs were found, that the camera allegedly used to take the photographs was not involved in the charged offenses, and that the law enforcement agents who testified against him were

4

motivated by their office's financial interest in the forfeiture of Sarras's home. *Petition*, pp. 3-6.  Because the claims challenge the validity of Sarras's conviction, section 2241 jurisdiction does not exist unless Sarras can satisfy his burden of showing that section 2255's "escape hatch" is available.  The Ninth Circuit has held that a motion meets that "escape hatch" criteria of section 2255 when the petitioner (1) makes a claim of "actual innocence; and (2) has not had "an unobstructed procedural shot" at presenting that actual innocence claim.  *Harrison*, 519 F.3d at 959 (citation omitted).

A showing of actual innocence within the meaning of section 2255's "escape hatch," a petitioner must show, by a preponderance of the evidence "that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him."  *Stephens v. Herrera*, 464 F.3d 895, 898 (9th Cir. 2006) (citing *Bousley v. United States*, 523 U.S. 614 (1998)); *Ivy v. Pontesso*, 328 F.3d 1057, 1060 (9th Cir. 2003); *Lorentsen v. Hood*, 223 F.3d 950, 954 (9th Cir. 2000).  Factual innocence, not legal insufficiency, is required.  *Id*.

In claim two, Sarras argues that the government's evidence was insufficient to establish a federal jurisdiction.  That is not a claim of factual innocence, but is purely legal, and is therefore insufficient to establish actual innocence.  *See Bousley*, 523 U.S. at 623.

Claims one and three of the Petition address factual issues, but neither prompts the Court to doubt the jury's guilty verdict.  In claim three Sarras contends that the Seminole County Sheriff's Office was unconstitutionally biased and

prejudiced against him. Specifically, he argues that their desire to profit from the forfeiture of his home motivated them to "orchestrate[] patching interviews with [the victim and her mom] to change their previous statements." *See* Doc. 14, p. 35. Left unexplained, however, is how those alleged changes show he is factually innocent from the charges.

The same is true for claim one. In that claim, Sarras offers a meandering and confusing argument about his whereabouts and activities on May 7, 2007. On that day, the victim, under the supervision of a law enforcement officer, telephoned Sarras to confront him. *See United States v. Sarras*, 575 F.3d 1191, 1196-97 (11th Cir. 2009) (opinion on direct appeal). Within minutes of that call, Sarras deleted 41 sexual images of the victim on his laptop, uninstalled his access to Limewire file sharing, and deleted adult pornographic images downloaded earlier that day. *Id*. at 1197. Sarras argues that newly discovered evidence establishes that he went to the bank sometime after 1:00 p.m. on May 7, 2007, was gone for a substantial period of time, and therefore it must have been someone else who accessed his laptop that day. However, nothing in Sarras's timeline, which is largely based on his own recollections, establishes his absence from 3:32 to 3:49 p.m. during the controlled call or during the time shortly after the call when the computer was accessed. Moreover, Sarras's timeline does not undermine the testimony of the victim. She testified that Sarras was married to her mother and "was like a father" to her. *Id*. at 1200. She described what he had done to her and the threats he made if she told anyone. *Id*. She described the camera he used and identified where each of the 41

6

laptops photos was taken. *Id.* Without overcoming that damning testimony, Sarras cannot establish by a preponderance of the evidence that he is actually innocent.

Sarras has also failed to satisfy element two of the escape hatch. In relation to this prong of the test, whether the petitioner has not had an "unobstructed procedural shot" at presenting his actual innocence claim, the Court must consider: "(1) whether the legal basis for petitioner's claim did not arise until after he had exhausted his direct appeal and first [Section] 2255 motion; and (2) whether the law changed in any way relevant to petitioner's claim after that first [Section] 2255 motion." *Alaimalo v. United States*, 645 F.3d 1042, 1047 (9th Cir. 2011) (internal quotation marks omitted). Sarras makes no showing on either of these two elements. Instead, he claims that he has not had an unobstructed procedural shot because the section 2255 form required by the Eleventh Circuit did not sufficiently allow him to submit evidence or arguments in support of his claims. However, the test is not satisfied by a showing of dissatisfaction with requirements associated with the opportunity to raise the claim, but requires a showing by the petitioner that he *never* had the opportunity to raise the claim by motion because the legal basis was unavailable. *Ivy*, 328 F.3d at 1060. Sarras has not met these requirements and, therefore, has not shown that he has not had the unobstructed opportunity to raise his claims.

The Petition does not challenge the manner of the execution of Sarras's sentence. Rather, Sarras challenges the validity of his conviction and sentence through a claim that is not cognizable under section 2241. Because section 2241 jurisdiction is lacking in this Court, the Petition must be dismissed.

7

### III.    Recommendation

Based on the foregoing, the Magistrate Judge **RECOMMENDS** that the District Court, after its independent review, issue an Order: (1) accepting the Report and Recommendation; (2) granting the Respondent's Motion to Dismiss; and (3) directing that Judgment be entered dismissing this action without prejudice for lack of jurisdiction.  If Sarras seeks and is granted leave from the Eleventh Circuit to raise his claims in a second or successive section 2255 petition, he may file a habeas petition in the appropriate forum at that time.

This Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

However, the parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the District Court.  *See* 28 U.S.C. § 636(b)(1) and Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure.  Thereafter, the parties have fourteen days within which to file a response to the objections.  Replies shall not be filed without first obtaining leave to do so from the District Court.  If any objections are filed, this action should be designated case number: **CV 17-133-TUC-CKJ**.  Failure to timely file objections to any factual or legal determination of the Magistrate Judge may be

. . . .

considered a waiver of a party's right to *de novo* consideration of the issues. *See*

*United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*).

Dated this 1st day of February, 2018.

Honorable Jacqueline M. Rateau
United States Magistrate Judge