# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Donatos Sarras, <br><br> Petitioner, <br><br> v. <br><br> Warden, FCC Tucson, <br><br> Respondent. | No. CV 17-00133-TUC-CKJ <br><br> **ORDER** |

On February 2, 2018, Magistrate Judge Jacqueline M. Rateau issued a Report and Recommendation ("R&R"), recommending the District Court dismiss Petitioner's § 2241 Habeas Petition for lack of jurisdiction. (Doc. 23.) The Magistrate Judge informed the parties that they had fourteen days to file their objections to the R&R. (*Id.* at 8.) Prior to the deadline for filing, Petitioner filed a Notice of Receipt and Objection to the Report and Recommendation. (Doc. 26.) The document noted that Petitioner had objections to the R&R, and merely listed four pages of the Magistrate Judge's R&R to which he objected. (*Id.*) The deadline for filing objections passed, and the Court construed Petitioner's notice as a laconic objection to the R&R. (Doc. 28.) The Court dismissed the § 2241 petition for lack of jurisdiction. (Doc. 28.) However, simultaneous to the docketing of the Order, Petitioner's detailed Objection (Doc. 30) and a Motion to File Excess Pages (Doc. 31) were received by the Clerk of Court. The Court therefore vacates the February 22, 2018 Order so that it may directly address these objections. The Court has reviewed the § 2241 Petition (Doc. 1), the Government's Motion to Dismiss for Lack

of Jurisdiction (Doc. 15), the responses and replies, the R&R (Doc. 23), and Petitioner's Objection (Doc. 30). The Court has considered the Magistrate Judge's legal and factual conclusions and agrees with the well-articulated reasoning and conclusions in the R&R.

***Motion for Information***

As a preliminary matter, despite warning from Magistrate Judge Rateau (Doc. 23 at 8), Petitioner has filed a Motion for Information entitled "Document for [F]iling and Inquiry." (Doc. 27.) The motion appears to appeal this §2241 action to the Ninth Circuit Court of Appeals, and asks the Court how much the cost is for an appeal. At the moment, there is no final determination by the Court on this matter for him to appeal. The Court will deny the motion without prejudice as premature. Petitioner may choose to appeal this Order within thirty (30) days after the entry of judgment. Fed.R.App. 4(a)(1)(A). The Court directs him to the Federal Rules of Appellate Procedure Rules 3-1 through 5-2 for further procedures for appealing this Order.

***Standard of Review***

- ***Objections to R&R***

The standard of review applied to a magistrate judge's report and recommendation is dependent upon whether a party files objections – the Court need not review portions of a report to which a party does not object. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). However, the Court must "determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed.R.Civ.P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1). Nonetheless, "while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154.

The Magistrate Judge determined that given the facts presented, Petitioner failed to demonstrate jurisdiction by this Court under the § 2241 "escape hatch" provision.

(Doc. 23 at 5-8.)

Petitioner's objection notes that his arguments are the same as made in previous filings to the Court. (Doc. 30 at 1.) He states that "the question is whether actual innocence in combination with a deficient § 2255 form/process or faulty instruction or non-reviewable evidence" can allow relief under § 2241. (*Id*. at 11.) He alleges he has demonstrated actual innocence, and raises several arguments that he believes support his claim.

First, Petitioner believes he has discredited the victim because he has shown she was unable to provide certain details of the sexual abuse. (*Id.* at 3.) Further, he believes he has shown innocence because his attorney failed to present expert testimony that challenged the identification of the veins on the penis in the pornographic photos as Petitioner's. (*Id*.) In addition, he objects to the fact that the Court of Appeals addressed only his identity and not an underlying financial motive for the victim to make the allegations against him. (*Id.*) Finally, he objects that the Eleventh Circuit did not properly focus on relevant evidence showing innocence—i.e., that the photos were improperly added to the camera and computer when he could not have been present. (*Id*. at 4-5.)

- *§2241 Petition*

In the instant case, Petitioner challenges the validity of his conviction and sentence, and the appropriate filing would be under 28 U.S.C. § 2255. "There is an exception, however, set forth in § 2255: A federal prisoner may file a habeas petition under § 2241 [in the custodial court] to challenge the legality of a sentence when the prisoner's remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention.'" *Harrison v. Ollison*, 519 F.3d 952, 956 (9th Cir. 2000). This remedy is referred to as either the "savings clause" or "escape hatch" provision. *Alaimalo v. United States*, 636 F.3d 1092, 1096 (9th Cir. 2011).

This exception is limited, and a petition does not qualify under the "escape hatch" simply because a petitioner is prevented from filing successive § 2255 petitions. *Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 1972); *Lorentson v. Hood*, 223 F.3d 950, 953 (9th

Cir. 2000). Petitioner bears the burden of demonstrating the remedy is inadequate. *Redfield v. United States,* 315 F.2d 76, 83 (9th Cir. 1963). In the Ninth Circuit, the filing of a § 2241 petition is permitted when "petitioner '(1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim.'" *Alaimalo*, 645 F.3d at 1047 (quoting *Stephens,* 464 F.3d at 898.).

The R&R correctly explains that Petitioner's § 2241 Petition challenges the validity of his conviction, therefore the Court may only exercise jurisdiction if he qualifies for the "escape hatch." (Doc. 23 at 5.) Upon *de novo* review, Petitioner has not demonstrated he is afforded relief under the "escape hatch." Petitioner can prove neither that he is factually innocent of his conviction, nor that no reasonable juror could find him guilty. Furthermore, he cannot show he has been not been given an unobstructed procedural shot at presenting his claim.

- ***Actual Innocence***

Actual innocence, for the purposes of a § 2241 habeas motion, requires that the petitioner "demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Alaimalo*, 645 F.3d at 1096 (9th Cir. 2011).

Petitioner's claims of innocence are not persuasive. At trial, the minor victim detailed Petitioner's sexual abuse, the photographs he took of her, and his threats to kill her, her mom, and her dog if she told anyone. *United States v. Sarras*, 575 F.3d 1191, 1201 (11th Cir. 2009). The victim also identified the camera Petitioner used to photograph his coerced sex acts.[1] *Id*. As further evidence of guilt, the pornographic images were immediately deleted from Petitioner's computer after the authorities orchestrated a recorded phone call from the victim. *Id.* at 1197. The Court disagrees with Petitioner's claims that the victim's testimony is undermined by his evidence. (Doc. 30 at 3.) Often a victim of sexual abuse can have lapses in memory; this does not make her

---

[1] Petitioner's objection contends that the victim did not identify the camera, and cites to his Statement of Facts, which in turn cites to the victim's testimony in his Middle District of Florida criminal case, *United States v. Sarras*, Case No. 6:07-CR-00092. The transcript of the victim's testimony belies Petitioner's assertion. It indicates that when asked what was used to take pictures, the victim responded, "He had a Sony Cyber-shot" and then identified the camera later admitted into evidence. *Sarras*, Doc. 222 at 12-13.

testimony less compelling. The Court is in agreement with the Magistrate Judge's analysis. (Doc. 23 at 6-7.) Petitioner simply cannot show that either: his possible alibi, the victim's confusion, or the officer's bias prove he is actually innocent. Furthermore, his assertions do not demonstrate that no reasonable juror would have convicted him.

- ***Unobstructed Procedural Shot***

To determine whether there was an "unobstructed procedural shot" the Ninth Circuit evaluates, "(1) whether the legal basis for petitioner's claim 'did not arise until after he had exhausted his direct appeal and first § 2255 motion; and (2) whether the law changed 'in any way relevant' to petitioner's claim after that first § 2255 motion." *Harrison*, 519 F.3d at 960 (quoting *Ivy v. Pontesso*, 328 F.3d 1057, 1060-61 (9th Cir. 2006)).

Again, the Court agrees with the R&R's determination. Petitioner filed a successive § 2255 petition, but argues in the instant petition that he qualifies for the escape hatch because the form provided in his successive § 2255 was not conducive to fully developing his argument or evidence. (Doc. 25 at 7.) He further asserts that his successive § 2255 remedy was inadequate because the Eleventh Circuit would not permit his claim to be reviewed *en banc*. (*Id.*) This is not the standard for evaluating whether Petitioner has received an unobstructed procedural shot.

Petitioner's unobstructed shot affords him the opportunity to raise an issue, but not a right to raise the issues in any manner he so chooses. The legal basis for all of Petitioner's § 2241 claims—that he was actually innocent and that there was newly discovered evidence—were feasible prior to his first § 2255 petition. In fact, Petitioner admits the basis for his claims existed at the time of his successive appeal. (Doc. 25 at 9.) Petitioner concedes that his arguments are "based on trial transcripts, reports, exhibits, and court opinions and orders." (Doc. 30 at 5.) He cannot therefore claim that the legal basis for his claim arose subsequent to the instant § 2241 petition. He is displeased with the result of his original and successive § 2255 petitions, however, he has not suggested any reason the Court should find a petition under § 2241 is appropriate.

Petitioner's successive § 2255 petition was denied because he failed to make a *prima facie* showing of actual innocence or that there was a retroactive change in constitutional law that afforded him relief. (Doc. 1-6 at 2-3.) Much of Petitioner's § 2241 petition and corresponding memorandum rehash issues raised on appeal, none of which were prevented from being raised prior to his successive § 2255 petition. As such, they do not demonstrate Petitioner was barred from presenting the claims until the instant §2241 petition.

Furthermore, Petitioner does not claim there has been any change in law that is relevant to his claim. Therefore, Petitioner has not demonstrated he has not received an unobstructed shot at appealing the validity of his conviction and the Court has no jurisdiction over this matter.

Accordingly, IT IS ORDERED:

1. The Order dated February 22, 2018 (Doc. 28) is VACATED.
2. Petitioner's Motion for Leave to File Excess Pages (Doc. 31) is GRANTED.
3. The Motion for Information (Doc. 27) is DENIED without prejudice as premature.
4. The Magistrate Judge's Report and Recommendation (Doc. 23) is ADOPTED.
5. Defendants' Motion to Dismiss for Lack of Jurisdiction (Doc. 15) is GRANTED. Petitioner's Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus (Doc. 1) is DISMISSED for lack of jurisdiction. The Clerk of Court shall issue judgment accordingly.
6. Although Petitioner has brought his claims in a § 2241 petition, a certificate of appealability is required where a § 2241 petition attacks the petitioner's conviction or sentence. *See Porter v. Adams*, 244 F.3d 1006, 1007 (9th. Cir. 2001). Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, in the event Movant files an appeal, the Court declines to issue a certificate of appealability because

///
///
///

reasonable jurists would not find the Court's procedural ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated this 27th day of February, 2018.

                                       Honorable Cindy K. Jorgenson
                                       United States District Judge